

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2008

# Phillips v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1149

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Phillips v. Comm Social Security" (2008). *2008 Decisions.* Paper 1319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1149
_____

RICHARD G. PHILLIPS, JR,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cv-5969)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2008

Before: SLOVITER, JORDAN, and ALARCON*, *Circuit Judges.*

(Filed April 28, 2008)
_____

OPINION OF THE COURT
_____

_____
  *Honorable Arthur L. Alarcon, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

JORDAN, *Circuit Judge*.

Richard C. Phillips appeals from the November 16, 2006 Opinion of the United States District Court for the District of New Jersey affirming the final decision of the Commissioner of Social Security ("Commissioner") that he is not eligible for Social Security Disability Benefits ("Benefits") under the Social Security Act (the "Act"). For the following reasons, we will affirm the decision of the District Court.[1]

I.     **Background**

The following undisputed facts were summarized by the District Court:

> Phillips was born in 1963. He has a high school education and has worked at different times as a medical billing clerk, warehouse stocker, and waiter. On March 31, 2003, he filed an application for [Benefits] and Supplemental Security Income, alleging disability since September 11, 2001, due to a seizure disorder, bipolar disorder, depression and curvature of the spine.
> [Phillips's] claims were denied by the Commissioner initially and on reconsideration. Pursuant to [Phillips's] request, a hearing was held before [an] Administrative Law Judge ["ALJ"] ... on July 11, 2005, who denied [Phillips's] claim in an unfavorable decision issued September 21, 2005.

---

[1]The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291. This Court "review[s] the ALJ's decision under the same standard as the District Court to determine whether there is substantial evidence on the record to support the ALJ's decision." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000); *see also* 42 U.S.C. § 405(g). "[W]e are bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). Our review of legal issues is plenary. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).

(Appendix ["A-"] at A-1 to A-2.)  On December 27, 2005, Phillips appealed to the

District Court.  After the District Court affirmed the ALJ's decision, Phillips filed the

present appeal.

## II.    Discussion

Phillips argues that there is substantial evidence in the record to support his

"entitlement and eligibility for" Benefits.  (Appellant's Br. at 20.)  Specifically, he argues

that the ALJ's findings and conclusions "do not make legal sense" and that the ALJ

"committed errors at the forth and fifth steps of the sequential evaluations ... ."

(Appellant's Br. at 20, 28.)  Phillips presents essentially the same arguments on appeal

that he did to the District Court, namely, that the "ALJ's decision suffers from a number

of legal defects, such as failing to give the correct weight to the opinions of treating

physicians and ignoring other evidence."  (A-7.)  Unfortunately, Phillips's arguments

suffer from the same defects as they did in the District Court because they "lack

grounding in the two legal structures that provide the foundation for the disability

determination, the burden of proof and the five-step evaluation process."  (A-7 to A-8.)

First, Phillips argues that the ALJ improperly concluded that, even though Phillips

had "seizure disorder and depression, impairments that are 'severe'," he failed to satisfy

his burden of proving that those impairments "either singly or in combination, [met] or

equal[led] the [clinical criteria] set forth" in the Act for epilepsy and affective disorders.

(A-19.)  The ALJ found that, as to epilepsy, "no physician had given detailed description

3

of the treatment regimen and response to treatment" and that Phillips was "noncompliant with medication." (*Id.*) The ALJ also gave "great weight" to the "opinion of the Commissioner's medical expert(s)" in finding that Phillips failed to meet the clinical criteria for affective disorders. (*Id.*) We find that substantial evidence supports the ALJ's conclusions. (*See, e.g.,* A-16 ("[L]aboratory work showed serum levels [of Dilantin] in the sub-therapeutic range, indicating non-compliance with medication. ... Dr. McKenna noted that he was unable to speculate the reason for the ... lack of compliance."); A-17 to A-18 ("Dr. Farnese noted that [Phillip's] thought process was coherent, logical and relevant. His motivation was good. He was oriented to person, place and time. His immediate memory was good, [j]udgment was intact and intellectual functioning was average.").)

Second, Phillips argues that the ALJ improperly concluded that the evidence failed to support his assertion of disability and that he retained the residual functional capacity ("RFC") to perform sedentary work. The Commissioner responds that Phillips "did not demonstrate that his impairments caused functional limitations beyond those required for the full range sedentary work." (Commissioner Br. at 21.) The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately two hours, as well as sit for a total of approximately six hours, during an eight-hour work day. 20 C.F.R. §§ 404.1567(a), 416.967(a). It also involves lifting no more than ten

4

pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. *Id.*

After summarizing the medical evidence of record, the ALJ found that Phillips's "statements concerning his ability to work are not entirely credible." (A-20.) We agree with the District Court that the ALJ's credibility determination is based on substantial evidence. (*See* A-9 ("The ALJ observed that [Phillips] testified at the hearing that he was able to complete school training as a cardiovascular technician ... and that he was generally able to perform activities of daily living."); *see also* A-20 ("Although the assertions of disabling symptoms are reasonable to a certain degree, the overall record does not support them to the debilitating extent asserted. [Phillips] worked seemingly when and where he felt like in a vast variety of unskilled jobs.").)

There is substantial evidence to support the conclusion that Phillips could perform the exertional requirements for a full range of sedentary work. For example, Phillips saw Edna Barry, LCSW, on July 1, 2003, who reported that he could "complete tasks, do simple household chores and travel independently." (A-17.) Phillips also saw Dr. Ronald Bagner on July 17, 2003 for a consultative examination, after complaining about right shoulder pain. Dr. Bagner observed that Phillips "dressed and undressed without assistance" and "was not uncomfortable in the seated position during the interview." (A-18.) Finally, on September 23, 2003, Phillips's treating physician, Dr. Harold V.

McKenna, opined that Phillips could perform light work. This evidence more than adequately supports the ALJ's conclusion.

Substantial evidence also undercuts Phillips's argument that he lacks the mental capacity to perform work activities. In assessing an individual's mental abilities when determining his RFC, the Commissioner must assess the nature and extent of one's mental limitations and restrictions. 20 C.F.R. §§ 404.1545(c), 416.945(c). The ALJ thoroughly "assessed the evidence relating to [Phillips's] psychiatric impairments." (A-9; A-20 to A-21.) When Phillips saw Ms. Barry on July 1, 2003, she reported that he could "follow work rules," "maintain attention," and "understand, remember and carry out complex job instructions." (A-17, A-20.) After examining Phillips on July 9, 2003, Dr. Jackie Farnese "noted that [Phillips's] thought process was coherent, logical and relevant. ... His immediate memory was good, [j]udgment was intact and intellectual functioning was average." (A-18, A-20.) Finally, on January 19, 2005, Dr. Elena Wood concluded that Phillips's "[m]emory and concentration were not impaired, insight was fair, judgment was adequate and intellectual level was in the average range." (A-18, A-20.) We agree with the District Court that the ALJ considered the medical evidence and that his determination that Phillips retains the RFC to perform the exertional demands of a full range of sedentary work is supported by substantial evidence of record.[2]

_____

[2]Phillips complains that the ALJ improperly discredited the opinions of two of his treating physicians that he was "unable to work." (Appellant's Br. at 24-25, 28-29.) However, the ALJ properly noted that "[t]his is an issue reserve to the Commissioner ... and therefore, no weight is accorded to the assessment of inability to work by Dr.

Finally, Phillips argues that the ALJ improperly found that he retained the RFC to perform his past relevant work. The ALJ noted that "[t]he evidence in this case established that [Phillips] has past relevant work as a medical billing clerk" and concluded that, based on Phillips's RFC, he was capable of performing that work. (A-22.) It is Phillips's burden to present medical evidence showing that he had an impairment preventing him from performing his past relevant work. *See Ferguson v. Schweiker*, 765 F.2d 31, 36 (3d Cir. 1985) ("Thus, under proper disability procedures, [a claimant] must satisfy [his] burden by showing an inability to return to former work."). We agree with the District Court that Phillips failed to meet this burden. (*See* A-12 ("[Phillips] bears the burden of proof of a non-exertional impairment, a burden which [Phillips] did not meet.").) Substantial evidence supports the ALJ's conclusion that Phillips retained the RFC to perform his past relevant work. (*See, e.g.*, A-17, A-20 (report of Ms. Barry, cited *supra*); A-12 ("[G]iven the Barry assessment of the effect of [Phillips's] psychiatric conditions on his ability to work, the ALJ's determination that [Phillips] has no non-exertional impairments is supported by substantial evidence.").)

---

Greenwald and Dr. McKenna." (A-21); *see* 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (statement by a medical source that an individual is "disabled" or "unable to work" is an administrative finding on an issue that is reserved to the Commissioner).

**III. Conclusion**

For the foregoing reasons, we conclude that there is substantial evidence in the record to support the ALJ's finding that Phillips "was not under a disability" (A-22) and was ineligible for Benefits under the Act. We will, therefore, affirm.